67 F.3d 294
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie Lee GRAHAM, Plaintiff-Appellant,
v.
Charles G. ASCHAMNN, Jr., Defendant-Appellee.
 No. 95-6059.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 31, 1995.
Decided Sept. 13, 1995.
 
 Willie Lee Graham, Appellant pro se.
 Before WIDENER, WILKINS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Willie Lee Graham was convicted of escaping from a federal prison. Graham was represented by Charles G. Aschamnn, Jr., a court-appointed attorney. After his conviction, Graham filed this action, alleging that Aschamnn was negligent in his representation; Graham sought over one million dollars in damages. The district court interpreted the suit as a 42 U.S.C. Sec. 1983 (1988) action and dismissed the case pursuant to 28 U.S.C. Sec. 1915(d) (1988), reasoning that court-appointed attorneys are not state actors and, therefore, are not subject to suit under Sec. 1983. Graham, however, did not file this suit under Sec. 1983; rather, he invoked the court's diversity jurisdiction. Even if the court had construed Graham's complaint as a diversity action, dismissal under Sec. 1915(d) would have been proper. Therefore, we affirm.
 
 
 2
 A dismissal under Sec. 1915(d) is proper when the underlying claim lacks an arguable basis in law or fact. Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994), cert. denied, 115 S.Ct. 1371 (1995). Graham's claim, that his attorney committed malpractice, was clearly baseless in fact. His complaint "failed to contain any factual allegations tending to support his bare assertion." White v. White, 886 F.2d 721, 723 (4th Cir.1989). It merely contained several conclusory assertions of ineffective representation, none of which would have had any effect on the outcome of Graham's criminal proceeding.
 
 
 3
 Additionally, Graham's complaint had no basis in law. Under Virginia law, in order to succeed on a claim of legal malpractice, the plaintiff must plead and prove that the result of the underlying action would have been different if the attorney had not been negligent. See Stewart v. Hall, 770 F.2d 1267, 1269-70 (4th Cir.1985) (setting forth Virginia standard for attorney malpractice). Graham failed to plead any facts which show that there would have been a different outcome at his criminal trial if his attorney were not negligent. Therefore, his claim of malpractice lacks a basis in law.
 
 
 4
 Because Graham's complaint lacked "an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), the district court properly dismissed the action under Sec. 1915(d). Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.
 
 AFFIRMED